## INDUSTRIAL COMMISSION v OWENS

Ohio Appeals, 1st Dist, Butler Co

No 649.   Decided May 27, 1935

John W. Bricker, Attorney General, Columbus; R. R. Zurmehly, Assistant Attorney

General, Columbus, and Paul A. Baden, Prosecuting Attorney of Butler County, Hamilton, for plaintiff in error.

Walter S. Harlan, Hamilton, for defendant in error.

## OPINION

By ROSS, PJ.

There is no question raised as to the fact that the injuries were received during the course of his employment, and by reason thereof. The only question presented by this proceeding is whether or not the injury so received was the proximate cause which accelerated the time of death. The Commission strenuously asserts that the claimant must prove that the injuries were the proximate cause of death. Special charges based upon this contention were submitted by the Commission and properly refused by the court. They would in this case have been entirely misleading.

The record is conclusive in showing that the time of death was accelerated by the injuries of which complaint is made.

The Commission claims that the evidence shows that the disease with which the decedent was afflicted at the time of the injury merely extended the time necessary for him to recover from the injury and that the cause of death was tuberculosis. A physician so categorically stated, but stated that decedent's resistence was so lowered by the injury that the disease made more rapid progress, and further called attention in support of this statement to the fact that before the injury the decedent, though failing in health, could work, while after the injury he was unable to work, and gradually grew worse and died. To us this argument seems more academic than practical, and the distinction more fanciful than real. No one can read the record without being squarely faced with evidence conclusively showing that the injuries received by the decedent directly hastened his death. It has been repeatedly stated both in the language of the layman and the law that while there is nothing more certain than death, there is nothing more uncertain than its advent. The decedent was some 58 years of age at the time he was injured. It is a matter of common knowledge that after middle life the human body is engaged in a constant contest with natural deterioration, which ultimately in every case results in the failure of the mechanism, and its disintegration and decomposition. Science has done much to retard the effects of this action due to the aging process, but this accomplishment is limited to minimizing the effects of time, disease, and injury, and increasing to an extent the health of the powers of resistance and recuperation inherent in the body.

The severe injuries received by the decedent—resulting in considerable damage to his chest and ribs— lowered the resistence of the decedent and were a decided factor in aiding and spreading the effects of the disease from which the decedent suffered.

It is not necessary to resort to the field of common knowledge to obtain this conclusion. There is ample medical opinion in the record sustaining this conclusion. The jury evidently so found.

The simple question then ultimately presented is, was the claimant entitled to compensation for the death of her decedent, it appearing that the injuries received during and by reason of his employment accelerated his death, already made more imminent by disease?

In **Weaver v Industrial Commission, 125 Oh St, 465, p. 466,** the Supreme Court approved the following charge:

"Defendant requests that the court charge the jury that not only must the in-

jury arise out of and be connected with the employment, but that the death must appear to be the proximate result of the injury, or if there was acceleration of death, that that acceleration must be the proximate result of the injury."

That the injuries co-operated with disease in hurrying the coming of the time when the health of the body was overcome and death resulted is sufficient to entitle the claimant to compensation.

Such injuries are in fact not only the proximate cause of acceleration of the disease, but of the ultimate disintegration.

We find it unnecessary. if not improper, for the court to entertain a suggestion amounting merely to a speculation that the decedent would have died when he did, though uninjured, in the face of a verdict evidently based upon a contrary conclusion and ample evidence presented under proper instructions supporting the finding of the jury.

The judgment is affirmed.

MATTHEWS and HAMILTON, JJ, concur.